IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:18-CR-235-CWR-FKB-1

FREDERICO HERNANDEZ-RIOS

**ORDER**

Before the Court are Frederico Hernandez-Rios' motions to dismiss the indictment. Docket Nos. 20, 21.

**I.    Factual and Procedural History**

On July 1, 2010, in the Circuit Court of Orange County, Florida, Hernandez-Rios entered a plea of *nolo contendere* to charges of possession with intent to distribute cocaine and possession of drug paraphernalia. In October 2010, he was deported and removed from the United States under 8 U.S.C. § 1227(a)(2)(A)(iii), which makes deportable any alien convicted of an aggravated felony at any time after admission.

On September 7, 2018, in this judicial district, a federal grand jury indicted Hernandez-Rios for illegal re-entry into the United States after being previously removed, in violation of 8 U.S.C. § 1326(a), (b)(2). On November 13, 2018, the Court entered an Order dismissing the case without prejudice for the Government's failure to comply with the Speedy Trial Act. *See United States v. Hernandez-Rios*, 3:18-CR-168-CWR-FKB, 2018 WL 5932864 (S.D. Miss. Nov. 13, 2018). Two days later, the Government filed a criminal complaint against Hernandez-Rios based on the same conduct. An indictment was returned on November 27, 2018. These two motions to dismiss followed.

## II. Discussion

### A. First Motion to Dismiss

Hernandez-Rios now argues that this indictment should be dismissed with prejudice because the Court dismissed the previous indictment without prejudice in error. Specifically, he states that the Court did not analyze the factors that courts consider in deciding whether to dismiss with or without prejudice. These factors include "(1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(2).

It turns out, however, that the previous indictment does not run afoul of the Speedy Trial Act. On June 10, the Government notified the Court of a recent decision from the Fifth Circuit, *United States v. Vinagre-Hernandez*, that bears on computing time under the Speedy Trial Act. In the case, the Fifth Circuit held that the time spent on the government's motion to detain the defendant was excluded from the 30-day limit under the Speedy Trial Act. 925 F.3d 761, 766 (5th Cir. 2019) ("This Circuit has stated that the Speedy Trial Act explicitly excludes periods of delay resulting from *any* pretrial motion . . .") (quotation marks and citation omitted).

The Speedy Trial Act requires indictments to be filed within 30 days of an arrest. *See* 18 U.S.C. § 3161(b). In its previous Order, this Court determined that 36 days had elapsed between the date of Hernandez-Rios' civil detention and the date of his indictment. Applying *Vinagre-Hernandez*, the Court should exclude from the Speedy Trial Act calculation the period between the Government's motion to detain and the date of ruling on that motion. The Government's motion to detain was pending between August 8, 2018 and August 14, 2018. Excluding this six-

day period yields an elapsed period of 30 days between the arrest and the indictment. As such, the Court will leave as undisturbed its ruling without prejudice and this motion to dismiss is DENIED.

    B. <u>Second Motion to Dismiss</u>

In his second motion to dismiss, Hernandez-Rios argues that this indictment should be dismissed because the underlying removal proceeding denied him due process and is therefore invalid. He asserts that the Government cannot use his previous removal to convict him of illegal reentry. He specifically contends that because he was mischaracterized as being previously convicted of an aggravated felony, his removal was unlawfully perfected through the expedited administrative removal proceeding, which prevented him from appearing before an Immigration Judge. In other words, Hernandez-Rios argues that when he was placed into the administrative removal process as opposed to the judicial removal process, he was denied due process and had no means of receiving judicial review of his removal.[1] In the alternative, Hernandez-Rios argues that the indictment is void for vagueness because the definition of 'conviction' in the Immigration and Nationality Act (INA) is unconstitutionally vague. On July 1, 2019, the Court heard oral argument on this motion.

In order for Hernandez-Rios to challenge the validity of the underlying removal, the statute requires him to first demonstrate "that (1) [he] exhausted any administrative remedies that may have been available to seek relief against the order, (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of order was fundamentally unfair." 8 U.S.C. § 1326(d).

---

[1] Aliens that are removed under expedited administrative procedures do not appear before an Immigration Judge and do not have recourse to an administrative appeal before the Board of Immigration Appeals (BIA). *See generally* 8 C.F.R. 238.1. *See also Valdiviez-Hernandez v. Holder*, 739 F.3d 184, 187 (5th Cir. 2013).

### i. Administrative Remedies

The Government argues that Hernandez-Rios had available remedies at the time he was deported and failed to exhaust them. By not filing a response to the "Notice of Intent to Issue a Final Administrative Removal Order" (hereinafter Notice of Intent), Hernandez-Rios waived his right to contest the underlying removal, says the Government.

The Notice of Intent lists, and the law provides, certain administrative procedures available to aliens facing deportation.[2] *See* Docket Nos. 22-1, 27 at 5; 8 C.F. R. § 238.1(c). As the Fifth Circuit explains, these administrative remedies are not geared towards challenging legal conclusions. They are there for resolving issues of fact:

> Although the Notice of Intent included conclusions of law and [Defendant] had an opportunity to respond to the allegations supporting the charges against him, the relevant regulations indicate that the response process is geared toward resolving only issues of facts. Further, aliens subject to expedited removal do not appear before an [Immigration Judge], nor can they appeal an adverse decision to the [Board of Immigration Appeals]. The relevant statutes and corresponding regulations therefore did not provide [Defendant] with an avenue to challenge the legal conclusion that he does not meet the definition of an alien subject to expedited removal. As such, [Defendant] did not fail to exhaust his administrative remedies.

*See Valdiviez-Hernandez v. Holder*, 739 F.3d 184, 187 (5th Cir. 2013) (citations omitted).

The issues here—(1) whether Hernandez-Rios was denied due process in the underlying removal after being mischaracterized as a convicted aggravated felon and subjected to expedited removal or (2) whether the term 'conviction' as defined in the INA is unconstitutionally vague—

---

[2] Some of these administrative remedies include rebutting the charges with supporting evidence within 10 calendar days (13 days if served by mail), requesting an extension of time, requesting an opportunity to review the Government's evidence, and requesting withholding from removal if the alien fears persecution or torture. *See* Docket No. 22-1.

are legal determinations. So, according to *Valdiviez-Hernandez*, no administrative remedies were available to Hernandez-Rios.[3]

In accordance with Fifth Circuit precedent, the Court finds that Hernandez-Rios did not fail to exhaust his administrative remedies. The Court will now turn to whether the underlying deportation proceedings improperly denied Hernandez-Rios the opportunity for judicial review.

### ii. Opportunity for Judicial Review

Hernandez-Rios argues that he was deprived of an opportunity for judicial review because he was not permitted to appear in front of an Immigration Judge or the Board of Immigration Appeals, which would have been available to him through the non-expedited process. The Government contends that Hernandez-Rios had another option if he wanted to challenge the validity of his 2010 removal: file a petition with the Court of Appeals. *See, e.g.*, *Bazan-Reyes v. I.N.S.*, 256 F.3d 600, 604 (7th Cir. 2001) (holding that the Court had jurisdiction to review whether the petitioner's conviction met the definition of an aggravated felony). Because he did not file a petition within the proscribed time, the Government argues he waived his right to challenge the underlying removal. But Hernandez-Rios counters that 8 U.S.C. § 1252(e) limits what the court can review and thus, the Government's argument regarding how long he waited to challenge the underlying removal proceeding is of no consequence.

Section 1252(e) concerns judicial review of orders under 8 U.S.C. § 1225(b)(1). It states that:

---

[3] It is worth pointing out that the Certificate of Service attached to the Notice of Intent provided a checkbox for Hernandez-Rios to lodge the same legal challenge he makes now. The checkbox states: "I wish to contest my deportability because: I was not convicted of the criminal offense described in allegation number 6 above." *See* Docket No. 22-1 at 2. He did not check this box. Nonetheless, the Fifth Circuit has determined that legal questions are not subject to the methods of administrative review set forth in 8 C.F.R. § 238.1(c)(1), and (d)(2)(i)-(ii). *Valdiviez-Hernandez*, 739 F.3d at 187 n.1. The Government seems to concede as much in its Memorandum of Authorities. *See* Docket No. 27 at 5 ("If the alien submits a timely response, a DHS officer determines whether the response sufficiently raises a *genuine issue of material fact*.") (emphasis added).

> In determining whether an alien has been ordered removed under section 1225(b)(1) of this title, the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. *There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal*.

8 U.S.C. § 1252(e)(5) (emphasis added). Hernandez-Rios, however, was not removed under section 1225(b)(1). Rather, he was removed under 8 U.S.C. § 1227(a)(2)(A)(iii), which permits the deportation of aliens who have been convicted of an aggravated felony. The relevant subsections of this statute concerning judicial review, thus, are 8 U.S.C. § 1252(a)(2)(C)-(D). Subsection (C) prohibits judicial review of "any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii) . . . of this title." *Id*. § 1252(a)(2)(C). The following subsection, however, creates an exception. It recognizes that

> Nothing in subparagraph (B) or (C), or any other provision of this chapter . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

*Id*. § 1252(a)(2)(D). Hernandez-Rios is admittedly asserting a question of law and his alternative assertion, that the INA term 'conviction' is void for vagueness, is a constitutional claim. So, a court of appeals had jurisdiction to review the exact same claims presented in this motion to dismiss when Hernandez-Rios was first served with the Notice of Intent form in 2010.

Hernandez-Rios signed the Notice of Intent form, withdrawing his right to rebut and contest the charges. Likewise, he also waived his right to remain in the United States for 14 days in order to apply for judicial review. This waiver expressly covered his right to challenge the characterization of his previous Florida *nolo contendere* plea as a conviction under the INA.[4]

---

[4] In his motion, Hernandez-Rios seems to suggest that these waivers were not knowing or voluntary because the Notice of Intent is in English, and he only speaks Spanish. A box is checked on the form stating that it was translated and explained to Hernandez-Rios in Spanish. He offers no evidence to the contrary.. With no evidence to the contrary, the Court agrees with the Government and finds that these waivers were given knowingly and voluntarily.

Hernandez-Rios had up to 30 days to file a petition for review with a court of appeals. *See* Docket No. 22-1; 8 U.S.C. § 1252(b)(1). Instead of filing a Petition to Review with a court of appeals within the allotted time frame, Hernandez-Rios filed this motion to dismiss on an indictment issued eight years after his expedited removal proceeding.

The Court finds the Hernandez-Rios waived his right to appeal the 2010 removal order. The expedited deportation proceeding that underlies this indictment did not improperly deny Hernandez-Rios of the opportunity for judicial review. Because Hernandez-Rios cannot satisfy the second prong of 8 U.S.C. § 1326(d), he may not collaterally attack the underlying removal order in this prosecution for illegal re-entry into the United States. Therefore, the second motion to dismiss is also DENIED.

**III. Conclusion**

Having found that the Court's previous dismissal should remain without prejudice and that Hernandez-Rios may not collaterally attack his underlying deportation order for this charge, both motions to dismiss are denied.

**SO ORDERED**, this the 2nd day of August, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE